IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELISSA A. WILSON | § § § § § § § § § § § | |
| | § | CIVIL NO. 5:18-cv-1056 |
| V. | | |
| TESSMER LAW FIRM, PLLC, AND HEATHER C. TESSMER | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Melissa Ann Wilson ("Wilson" or "Plaintiff") files this Original Complaint against Tessmer Law Firm, PLLC, and Heather Clement Tessmer (collective "Tessmer" or "Defendants"), and in support thereof alleges the following:

### Parties

1. Plaintiff is an individual who resides in Lakeland, Florida.

2. Defendant Tessmer Law Firm, PLLC is a professional limited liability company organized under the laws of Texas with its principal place of business at 7800 IH-10 West STE 830, San Antonio, Texas 78230, and may be served by serving its registered agent Heather Clement Tessmer at the company's registered address, 8000 Fair Oaks Parkway, Suite 205, Fair Oaks Ranch, Texas 78015, at the company's principal place of business, or wherever she may be found.

3. Defendant Heather Clement Tessmer is an individual, who based on information and belief, resides at 30541 Ralph Fair Road, Fair Oaks Ranch, Texas 78015, and may be served

{00233959.1}

at her residence, place of business 7800 IH-10 West STE 830, San Antonio, Texas 78230, or wherever she may be found.

## Jurisdiction and Venue

4. This is an action for trademark infringement and unfair competition pursuant to the Federal Lanham Act, Title 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District under 28 U.S.C. §1391 because both Defendants reside in, or our located within, this District and a substantial number of events giving rise to the claim occurred within this district.

## Facts

6. Plaintiff is an attorney and founder of Advocate Law Firm, P.A., based in Bartow, Florida.

7. Plaintiff has continuously used the trademark EVER ARGUED WITH A WOMAN? (the "Mark") in conjunction with providing and advertising legal services since at least as early as September 12, 2007.

8. Plaintiff has continuously developed and maintained common law trademark rights in the Mark for providing and advertising legal services since at least as early as September 12, 2007.

9. Plaintiff filed U.S. trademark application Serial No. 85/496797 with the United States Patent and Trademark Office ("USPTO") on December 15, 2011 for the mark EVER ARGUED WITH A WOMAN? for legal services.

10. Plaintiff's U.S. trademark application Serial No. 85/496797 registered on the USPTO Principal Register as U.S. Trademark Registration No. 4,570,573 on July 22, 2014 for

EVER ARGUED WITH A WOMAN? for "legal services, namely providing counseling, advice and litigation services in all areas of the law." A copy of Plaintiff's Registration Certificate for the Mark is attached as **Exhibit 1**.

11. Plaintiff owns U.S. trademark Reg. No. 4,570,573 and all associated trademark rights in the Mark.

12. Plaintiff's legal services provided using the Mark have received national attention, awards, and consumer satisfaction, resulting in a significant amount of goodwill associated with Plaintiff's Mark.

13. Plaintiff has diligently enforced her trademark rights in the Mark.

14. Plaintiff has licensed use of the Mark to licensees in New York, Connecticut, Pennsylvania, and the Washington District of Columbia. Plaintiff's licensees use the Mark to provide legal services.

15. Plaintiff is currently negotiating with a potential licensee in Texas to use the Mark to provide legal services.

16. Plaintiff has concrete plans to enter the Texas legal market by licensing the Mark to a licensee in the state of Texas.

17. Defendant Heather Clement Tessmer is the principal attorney and owner of Defendant Tessmer Law Firm, PLLC.

18. Defendants have been using the phrase EVER ARGUE WITH A WOMAN? (the "Infringing Mark") since at least as early as 2014 to advertise and provide legal services in San Antonio, Texas and surrounding area. An example of Defendants' use of the Infringing Mark is depicted in the following on-line advertisement:



19.     Defendants are also using the Infringing Mark on *inter alia* billboards, the website https://tessmerlawfirm.com/, business cards, and promotional material at legal events.

20.     Plaintiff first discovered Defendants were using the Infringing Mark around April 2014, when she began receiving website and telephone inquiries from confused members of the public inquiring about whether Plaintiff had an office in San Antonio, Texas or was otherwise affiliated with the Defendants.

21.     Plaintiff sent Defendant Heather Tessmer an email on or around July 8, 2014 notifying Defendants of Plaintiff's trademark rights in the Mark and objecting to Defendants' use of the confusingly similar infringing mark.

22.     Attorneys representing Plaintiff spoke with Defendant Tessmer's assistant on or around July 9, 2014 and were informed Defendant Tessmer was unavailable. Plaintiff's representatives made additional attempts to contact Defendants in 2014.

23.     Defendant Tessmer Law Firm, PLLC filed a trademark application with the Texas Secretary of State on April 2, 2018 for EVER ARGUE WITH A WOMAN? with "Legal services; representing clients in civil litigation and other matters" as the services.

24. Defendant Tessmer Law Firm, PLLC's application issued as Texas Trademark Registration No. 802981081 on May 23, 2018 ("Defendants' Registration").

25. Defendants' Registration indicates Defendants first used the EVER ARGUE WITH A WOMAN? mark in January 2012.

26. In order to acquire Defendants' Registration, Defendant Heather Tessmer signed a Declaration claiming that Tessmer Law Firm, PLLC "is the owner of the [EVER ARGUE WITH A WOMAN?] mark . . . and that to the knowledge of the person verifying the application, no other person has registered the mark, either federally or in this state, or is entitled to use the mark in this state, either in the identical form used by applicant or in a form that is likely, when used on or in connection with the goods or services of the other person, to cause confusion or mistake, or to deceive, because of its resemblance to the mark."

27. Defendant Heather Tessmer signed the declaration described above despite having actual knowledge of Plaintiff's prior use and ownership of the Mark for legal services.

28. Defendant Tessmer Law Firm, PLLC's Registration No. 802981081 for EVER ARGUE WITH A WOMAN? is invalid and should be cancelled based on Plaintiff's prior use and ownership of the EVER ARGUED WITH A WOMAN? mark and ownership of U.S. Registration No. 4,570,573 for EVER ARGUED WITH A WOMAN?.

29. Defendants contacted Plaintiff's potential licensee, Stephanie May, claiming to own trademark rights in the Mark and threatened to sue Ms. May for trademark infringement.

### Count I – Trademark Infringement Pursuant to Lanham Act

30. The allegations set forth above in Paragraphs 1 through 29 are incorporated by reference and fully set forth herein.

31. Plaintiff is the owner and senior user of the trademark EVER ARGUED WITH A WOMAN? for legal services.

32. Plaintiff owns U.S. trademark registration no. 4,570,573 for EVER ARGUED WITH A WOMAN? in class 45 for "Legal services, namely, providing counseling, advice and litigation services in all areas of the law."

33. Defendant is using the confusingly similar trademark EVER ARGUE WITH A WOMAN? to provide legal services.

34. Plaintiff has concrete plans to enter the Texas legal market, resulting in a likelihood of entry into Defendants' market.

35. Plaintiff has already experienced actual confusion caused by Defendants' use of the EVER ARGUE WITH A WOMAN? mark.

36. Defendants' use of the mark EVER ARGUE WITH A WOMAN? is causing, and will continue to cause, confusion, mistake, or deception on the public as to an affiliation, sponsorship, or approval between Plaintiff and Defendants' legal services.

37. Defendants' acts constitute trademark infringement under the Lanham Act.

38. Defendants have continued to infringe Plaintiff's Mark for four years despite notice of Plaintiff's trademark rights and Plaintiff's objection to Defendants' use of their confusingly similar Infringing Mark.

39. Plaintiff has invested significant time and resources into developing the goodwill associated with the Mark. The goodwill of the Mark is of substantial value to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should trademark infringement by Defendants be allowed to continue.

40. Pursuant to 15 U.S.C. §1114 and §1116, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendants' infringement of the Mark, including but not limited to any and all use of the Infringing Mark.

41. Defendants' acts of trademark infringement have damaged Plaintiff in an amount not yet determined. Pursuant to 15 U.S.C. §1117, Plaintiff seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

42. Defendants' acts of trademark infringement have been, and continue to be, deliberate and willful therefore warranting an award of enhanced damages. Accordingly, Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorney fees pursuant to 15 U.S.C. §1117(a).

### Count II – Unfair Competition Pursuant to the Lanham Act

43. The allegations set forth above in Paragraphs 1 through 42 are incorporated by reference and fully set forth herein.

44. Plaintiff is the owner and senior use of the trademark phrase EVER ARGUED WITH A WOMAN? to provide and advertise legal services.

45. Defendants are using the confusingly similar EVER ARGUE WITH A WOMAN? to provide and advertise legal services in San Antonio, Texas and the surrounding area.

46. Based on information and belief, Defendants are making false claims regarding ownership of the trademark EVER ARGUE WITH A WOMAN?

47. Plaintiff has concrete plans to enter the Texas market, and is currently negotiating with a licensee in the area.

48. Defendants' use of EVER ARGUE WITH A WOMAN? and false claims regarding ownership thereof are likely to cause confusion, mistake, or deception on the public as to the affiliation, connection, association, or approval between Plaintiff and Defendants' services.

49. Defendants' use of EVER ARGUE WITH A WOMAN? and false claims of ownership thereof have already caused confusion, mistake and deception on the public as to an affiliation between Plaintiff and Defendant's services.

50. Defendants' use of EVER ARGUE WITH A WOMAN and false claims of ownership thereof constitute unfair competition pursuant to 15 USC §1125(a).

51. Plaintiff has invested significant time and resources into developing the goodwill associated with the Mark. The goodwill of the Mark is of substantial value to Plaintiff, and Plaintiff has and will continue to suffer irreparable harm should unfair competition by Defendants be allowed to continue.

52. Pursuant to 15 U.S.C. §1116, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendants' unfair competition, including but not limited to any and all use of the Infringing Mark.

53. Defendants' acts of unfair competition have damaged Plaintiff in an amount not yet determined. Pursuant to USC §1117 Plaintiff is entitled to and seeks Defendants' profits, actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

54. Defendants' acts of unfair competition have been, and continue to be, deliberate and willful therefore warranting an award of enhanced damages. Accordingly, Plaintiff is entitled

to and seeks a finding that this case is exceptional and warrants an award of attorney fees pursuant to 15 U.S.C. §1117(a).

### Jury Demand

Plaintiff hereby demands a trial by jury for all triable issues alleged in this Complaint.

### Prayer

WHEREFORE, Plaintiff Melissa A. Wilson respectfully prays that this Court enter judgement as follows:

(a) Defendants, and all other persons in active concert and/or participation with Defendants, be permanently enjoined from engaging in the acts of trademark infringement and unfair competition complained of herein, including but not limited to, ceasing use of EVER ARGUE WITH A WOMAN?, EVER ARGUED WITH A WOMAN?, and/or any confusingly similar mark;

(b) Defendants pay Plaintiffs all profits Defendants generated from Defendants' trademark infringement and unfair competition and all actual damages suffered by Plaintiff as a result of Defendants' trademark infringement and unfair competition;

(c) Defendant Tessmer Law Firm, PLCC expressly abandon Texas Trademark Reg. No. 802981081;

(d) Finding this case is an exceptional case and awarding Plaintiff enhanced damages and attorney fees;

(e) Awarding Plaintiff prejudgment and post-judgment interest;

(f) Awarding Plaintiff costs of Court; and

(g) For such other and further relief to which Plaintiff shows itself to be justly entitled.

Dated: October 8, 2018                                  Respectfully Submitted

                                                        GUNN, LEE & CAVE, P.C.
                                                        300 Convent St., Suite 1080
                                                        San Antonio, Texas 78205
                                                        (210) 886-9500 Telephone
                                                        (210) 886-9883 Facsimile

                                                        By: */s/ John C. Cave*
                                                        John C. Cave
                                                        Texas Bar No. 00783812
                                                        john.cave@gunn-lee.com

                                                        Brandon T. Cook
                                                        Texas Bar No. 24084166
                                                        bcook@gunn-lee.com

                                                        **ATTORNEYS FOR PLAINTIFF**

# Exhibit 1



# United States of America
## United States Patent and Trademark Office

# Ever Argued With A Woman?

| | |
|---|---|
| **Reg. No. 4,570,573** | WILSON, MELISSA ANN (UNITED STATES INDIVIDUAL) <br> 4412 OLD ROAD 37 |
| **Registered July 22, 2014** | LAKELAND, FL 33813 |
| **Int. Cl.: 45** | FOR: LEGAL SERVICES, NAMELY, PROVIDING COUNSELING, ADVICE AND LITIGATION SERVICES IN ALL AREAS OF THE LAW, IN CLASS 45 (U.S. CLS. 100 AND 101). |
| **SERVICE MARK** | FIRST USE 9-12-2007; IN COMMERCE 10-3-2007. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | SER. NO. 85-496,797, FILED 12-15-2011. |
| | ANDREW LEASER, EXAMINING ATTORNEY |



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

>   *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
>   *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
>   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

>   You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.